**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1596
_____

UNITED STATES OF AMERICA

v.

MICHAEL GORDON,
                                   Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-19-cr-00232-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted: June 23, 2021

Before: CHAGARES, PORTER, and ROTH,
*Circuit Judges*.

(Filed: August 26, 2021)
_____

OPINION [*]
_____

PORTER, *Circuit Judge*.

Michael Gordon was sentenced to 240 months' imprisonment for his role in a

scheme to import counterfeit Xanax® pills. He now appeals his sentence on two grounds.

---

[*] This disposition is not an opinion of the full court and, under I.O.P. 5.7, is not binding
precedent.

First, he contends that the District Court's calculation of the advisory Federal Sentencing Guidelines range was procedurally unreasonable. Second, he argues that the District Court's imposed sentence was substantively unreasonable. For the reasons explained below, we will affirm.

I[1]

In June 2018, customs officials in the United Kingdom intercepted several parcels of suspected counterfeit Xanax® pills bound for the United States. The officials alerted the U.S. Department of Homeland Security, which launched an investigation. The investigation uncovered a scheme by Michael Gordon and his coconspirator Eric Coney to import large amounts of counterfeit Xanax® pills; distribute them to local buyers in Philadelphia, Pennsylvania; and launder the proceeds through various financial accounts. Gordon purchased the pills from an online supplier who shipped them in parcels to various Philadelphia addresses associated with Gordon and Coney. The investigation identified thirty-two such parcels, fifteen of which were intercepted by law enforcement.

The government charged Gordon with (1) conspiracy to traffic in counterfeit goods in violation of 18 U.S.C. § 2320(a), and (2) conspiracy to money launder in violation of 18 U.S.C. § 1956(h). Gordon pleaded guilty.

At sentencing, the District Court adopted several enhancements and calculated a Guidelines range of 210 to 262 months' imprisonment. Ultimately, the District Court

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for the discussion.

sentenced Gordon to 240 months' imprisonment. The sentence included three years of supervised release following his imprisonment and an order to pay restitution of $2,768,500 and a special assessment of $200. Gordon timely appealed.

II[2]

A

Gordon first claims that the District Court procedurally erred when it attributed to him 410,000 counterfeit Xanax® pills for purposes of calculating his Guidelines range because that drug quantity was "speculative and not based on actual physical evidence." Appellant's Br. 14. We disagree.

District court error in calculating a Guidelines range can render a sentence procedurally unreasonable. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). We review the District Court's findings of fact for clear error, and its application of the sentencing Guidelines to the facts for abuse of discretion. *United States v. Kluger*, 722 F.3d 549, 555 (3d Cir. 2013). A factual finding is clearly erroneous when, upon review of the record, we are "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

---

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

When sentencing a defendant for a drug-related conviction that involves some quantity of unseized drugs, a district court must "approximate the quantity of the controlled substance." U.S. Sent'g Guidelines Manual § 2D1.1 cmt. n.5 (U.S. Sent'g Comm'n 2018); *see also United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 1999) (noting that a "degree of estimation" is sometimes necessary when calculating the quantity of drugs in a drug trade operation). To approximate drug quantity, a district court may consider factors such as "the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved." U.S.S.G.M. § 2D1.1 cmt. n.5. Altogether, the evidence "need not be admissible at trial," but it "must possess 'sufficient indicia of reliability to support its probable accuracy.'" *Gibbs*, 190 F.3d at 203 (quoting *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993)). That indicia of reliability may be met through "corroboration by or consistency with other evidence." *United States v. Freeman*, 763 F.3d 322, 337 (3d Cir. 2014) (quoting *United States v. Smith*, 674 F.3d 722, 732 (7th Cir. 2012)).

The record contains evidence with sufficient indicia of reliability to support the District Court's attribution of 410,000 counterfeit Xanax® pills to Gordon. First, 190,000 of the 410,000 pill quantity—nearly half—is based on direct evidence of pill amounts from the fifteen parcels intercepted by law enforcement. The remainder of that pill quantity, 220,000, is an approximation of the pill amounts in the delivered parcels that went unseized.

4

The approximation is supported, in part, by comparing the weights of the seized parcels with the weights of the unseized parcels. Among the fifteen seized parcels, each of the 5,000-pill parcels weighed three to four pounds; the 10,000-pill parcel weighed about six pounds; each of the 20,000-pill parcels weighed thirteen to fourteen pounds; and the 25,000-pill parcel weighed about sixteen pounds. Thus, given the consistency of the seized parcels' weight-to-pill ratio, the unseized parcels' known weights may be reliably used to extrapolate their unknown pill amounts. *See United States v. Douglas*, 885 F.3d 145, 151 (3d Cir. 2018) (noting that circumstantial evidence, not just direct evidence, may properly support a district court's determination as to drug quantity).

Additionally, the approximated pill quantities for the unseized parcels are corroborated by Gordon's virtual payments for the counterfeit Xanax® pill shipments, the supplier's online price listings, Gordon's text communications with his distributors and customers, and agents' surveillance of Gordon and Coney retrieving some of the delivered packages.

In sum, upon review of the evidence supporting the District Court's determination of the drug quantity, we are not "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe*, 508 U.S. at 622 (internal quotation marks omitted) (quoting *Gypsum*, 333 U.S. at 395). Thus, the District Court did not clearly err when it attributed 410,000 counterfeit pills to Gordon for purposes of calculating his Guidelines range.

B

Next, Gordon challenges the substantive reasonableness of his sentence imposed by the District Court as "unduly punitive based on the totality of circumstances." Appellant's Br. 29. Gordon musters several arguments in support of his challenge, but they are unavailing.

We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014). We will not hold that a sentencing court abused its discretion unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [sentencing] court provided." *Tomko*, 562 F.3d at 568. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Sentences that fall within the applicable Guidelines range are entitled to a presumption of reasonableness. *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014).

First, Gordon claims that the District Court's failure to grant sufficient weight to certain mitigating factors in its § 3553(a) analysis suggests that his sentence was substantively unreasonable. At sentencing, the District Court considered the U.S. Probation Office's findings, the parties' arguments in sentencing filings, the witnesses' testimony, and Gordon's allocution. During its § 3553 factors analysis, the District Court acknowledged the mitigating factors raised by Gordon, including the support of his family and friends, his age of 31 years when the crimes were committed, and his lack of

6

prior criminal history. Ultimately, the District Court denied Gordon's requests for downward variances and imposed a sentence within the Guidelines range. That Gordon disagrees with the District Court about the proper weight to afford various mitigating factors does not suggest a sentence is substantively unreasonable. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

Next, Gordon contends that the District Court's alleged procedural error in approximating the pill quantity also contributed to a lack of substantive reasonableness. *See United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). For the reasons already explained, this claim fails.

Gordon also argues that the District Court erred when it applied three trademark-related enhancements under § 2B5.3 because they were "duplicative" and targeted the same conduct. Appellant's Br. 26–27. Gordon did not object on these grounds at sentencing, so we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

Contrary to Gordon's assertion, the enhancements under § 2B5.3(b)(1), § 2B5.3(b)(3), and § 2B5.3(b)(5) each reflect separate offense characteristics that are analytically distinct. Gordon's conduct independently implicated each of these enhancements, so the District Court did not procedurally err in adopting them. Accordingly, the resulting increase to Gordon's Guidelines range does not undermine the substantive reasonableness of his sentence. We thus ascertain no plain error in the District Court's application of the three § 2B5.3 enhancements.

7

Finally, Gordon urges that several "anomalies" in the sentencing process, essentially arising from difficulties with legal representation, call into question the substantive reasonableness of the sentence imposed. Appellant's Br. 27. In particular, Gordon claims that his difficulties with legal representation inhibited him from contributing to the Presentence Investigation Report and preparing adequately for his sentencing.

At sentencing, the District Court considered these concerns as represented in the parties' filings and Gordon's allocution, but found them meritless. Rather, it found that much of what Gordon said in his allocution was incredible. Moreover, the record shows that Gordon was advised to secure counsel at three separate status conferences on October 2nd, November 12th, and November 21st, 2019. Indeed, at the final status conference before sentencing, the District Court found that Gordon's continual failure to secure legal representation was "delay for the sake of delay." App. 124. Under these circumstances, such "anomalies" do not undermine the fairness of the proceedings or color Gordon's sentence as substantively unreasonable.

In sum, given the District Court's careful consideration of the circumstances of Gordon's case, we find that Gordon's sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Wise*, 515 F.3d at 218. Within-guideline sentences are presumptively reasonable, *Handerhan*, 739 F.3d at 124, and nothing on this record overcomes that presumption. Therefore, the District Court did not abuse its discretion when it imposed Gordon's sentence.

*       *       *

Because we conclude that the District Court did not commit clear error when calculating Gordon's Guidelines range or abuse its discretion when imposing a within-guidelines sentence, we will affirm the District Court's judgment.